Penna. Co. for Ins. on Lives et al., Trustee and Executors of John H. Shoenberger, Deceased, Appellants, v. Alexander Leggate.

*Will—Power to sell—Conversion.*

Testator directed that the whole of his residuary estate, real and personal, should be converted into money as soon as practicable, and paid over to certain legatees mentioned. In the clause immediately following this direction he further authorized his executors to sell and dispose of his real estate within the limits of Pennsylvania and other states, and not before specifically devised, and, until such sale should be made, to lease the land, and to collect the rents and profits therefrom. He further directed as follows: " It is my wish and I so direct that as soon as may be for the best interest of my estate, my trustee and executors hereinafter

named, their successor or successors, shall convert into money and pro-
ductive securities all my unproductive real estate, excepting that portion
hereinbefore specifically devised, and also excepting such portion of my
real estate as in the opinion of my said trustee and executors would be
likely in the near future to enhance in value, and excepting especially
my eight acre lot in the city of Pittsburg on part of which the said St.
Margaret Memorial Hospital is to be erected, and my real estate situate
in and adjoining the city of Chicago, Cook county, Illinois." *Held*, the
power of sale as to all remained in the executors, and there was in the
will no evidence of an intention that their judgment as to the time of sale
should be controlled except by the direction which the testator gave.

Argued Nov. 12, 1894. Appeal, No. 17, Oct. T., 1895, by
plaintiff, from judgment of C. P. No. 1, Allegheny Co., June T.,
1894, No. 413, for defendant on case stated. Before STER-
RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN
and FELL, JJ. Reversed.

Case stated to determine whether plaintiffs had authority
under a will to sell certain real estate. Before STOWE, P. J.

The material portions of the case stated appear by the opin-
ion of the Supreme Court.

*Error assigned* was entry of judgment for defendant.

*James H. Reed, P. C. Knox* and *Edwin W. Smith* with him,
for appellant.—The will worked a conversion: Paige's Est.,
75 Pa. 87; Roland v. Miller, 100 Pa. 47; Chew v. Nicklin, 45
Pa. 84; Shankland's Ap., 47 Pa. 114; Brolasky v. Gally's
Exrs., 51 Pa. 509; Williams's Ap., 73 Pa. 285; Dundas's Ap.,
64 Pa. 325; Allison v. Wilson's Exrs., 13 S. & R. 330; Mor-
row v. Brenizer, 2 Rawle, 185; Allison v. Kurtz, 2 Watts, 185;
Gray v. Smith, 3 Watts, 289; Hay v. Mayer, 8 Watts, 203;
Simpson v. Kelso, 8 Watts, 252; Alexander v. McMurry, 8
Watts, 504; Selfridge's Ap., 9 W. & S. 55; Willing v. Peters,
7 Pa. 287; Fisher v. Harris, 10 Pa. 459; Silverthorn v. Mc-
Kinster, 12 Pa. 72; Martindale v. Warner, 15 Pa. 471; Brown's
Ap., 27 Pa. 62; Eby's Ap., 84 Pa. 241.

*John Wilson, William M. Hall, Jr.*, with him, for appellee,
cited: Penna. Co. et al. v. Bauerle, 143 Ill. 459; Burton's Ap.,

57 Pa. 213; Acts of April 18, 1853, §§ 1, 3, 4, 5, P. L. 503; April 3, 1851, §§ 1, 2, P. L. 305; Feb. 24, 1834, § 13, P. L. 73; Bleight v. Bank, 10 Pa. 131; Peterson's Ap., 88 Pa. 398; Perot's Ap., 102 Pa. 235; Mellon v. Reed, 123 Pa. 1.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895:

The single question raised by the case stated is whether, under the will of John H. Shoenberger, his executors have power to convey land in Pittsburg sold by them to the defendant.

The 18th section of the will provides: " All the rest, residue and remainder of my estate both real and personal I give, devise and bequeath to my trustee and executors hereinafter named and to their successors, in trust, to hold the same, and as soon as practicable to convert the same into money, and to pay over to the corporation of the St. Margaret Memorial Hospital, hereinafter provided to be incorporated, the sum of two hundred and fifty thousand dollars, to be added to the permanent fund of said corporation, for the maintenance of said hospital as a free institution, and to pay over the balance of my said residuary estate after payment of all bequests and devises hereinbefore made in this my will, in equal shares to the following named persons, their heirs, legal representatives or assigns," etc.

The 19th section provides: " I hereby authorize, order and direct my trustee and executors hereinafter named and appointed in relation to my property, real and personal, in the states of Pennsylvania, Ohio, Kentucky and Illinois, for the purpose of this my will or otherwise, to sell and dispose of all or any part or parcel of my real estate within the limits of the said states of Pennsylvania, Ohio, Kentucky and Illinois and not hereinbefore specifically devised, at public or private sale on such terms as to cash and credit, or part cash and part credit, as to them shall seem most advantageous to my estate, and to execute deeds of conveyance therefor; and in the meantime to lease the same and to collect the rents and profits therefrom. It is my wish and I so direct that as soon as may be for the best interest of my estate, my trustee and executors hereinafter named, their successor or successors, shall convert into money and productive securities all my unproductive real

estate, excepting that portion hereinbefore specifically devised, and also excepting such portion of my real estate as in the opinion of my said trustee and executors would be likely in the near future to enhance in value, and excepting especially my eight acre lot in the city of Pittsburg on part of which the said St. Margaret Memorial Hospital is to be erected, and my real estate situate in and adjoining the city of Chicago, Cook county, Illinois."

The land sold the defendant is the part of the eight acre lot in the city of Pittsburg that remained after the conveyance in trust to the hospital of the portion devised to it, and it comes within the exception in section 19. It is not specifically devised, and it is a part of the residuary estate of the testator.

It is directed by the 18th section that the whole residuary estate, real and personal, shall be converted into money as soon as practicable and paid over to the legatees mentioned. There is an imperative direction for a sale and distribution. In order to accomplish it there is a devise of the realty to the executors for the purpose of sale. If this section stood alone there could be no doubt as to the power which is questioned.

The power of sale expressly given by the 19th section is unnecessary, as such a power is implied in the 18th section. The thought of the testator expressed in the last paragraph of the 19th section does not seem to have been to withdraw any of his real estate from the direction to sell, but to express his wish as to the time when the unimproved portions of it should be sold. He had already in the 18th section directed a conversion as soon as practicable, and in the first paragraph of the 19th section given a full and express power of sale. The authority to lease in the meantime would indicate a doubt on his part whether it would be practicable to sell all at once, and from it also would be inferred a discretion as to the time of sale. Having then expressly directed a sale of all as soon as practicable, and in the meantime authorized a leasing until sold, which applied only to the productive part, he expresses a wish as to his unproductive real estate. That wish, coupled with a direction, was that " as soon as may be for the best interest of my estate " the executors " shall convert into money and productive securities all my unimproved real estate." From this direction he excepted (1) portions specifically devised, (2) such

portions as in the opinion of the executors would be likely in the near future to enhance in value, (3) the eight acre lot in Pittsburg, (4) the real estate in Cook county, Illinois.

The first exception of land specifically devised was unnecessary, and need not be noticed. The others are of unproductive real estate from the general direction " to sell as soon as may be " all of that class; and they were relegated to the other class, the productive real estate, which was to be sold when practicable under the authority conferred by section 18 and the first clause of section 19. The exception was not from the authority to sell but from the direction to sell.

It is manifest that the testator had a clearly defined wish with regard to the time of the sale of his real estate, which he directed his executors to carry out. Having given a direction for the sale of all as soon as practicable, he directed a sale of the unimproved parts " as soon as may be," and from this last direction he excepts those parts which his executors might think would improve in the near future, and those which he was of opinion would improve, the Pittsburg and Chicago properties. These though unimproved were not to be sold under the specific direction as to that class, but to be retained by the executors with the productive real estate and sold when practicable. The power of sale as to all remained in the executors, and we find in the will no evidence of an intention that their judgment as to the time of sale was to be controlled except by the direction which the testator gave.

We are of opinion that under the facts as stated the plaintiff had power to convey to the defendant a title in fee simple.

The judgment is reversed and judgment is now entered for the plaintiff for eighteen hundred dollars with interest to be computed according to the case stated.